This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38250**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**YVONNE MARTINEZ,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** This matter is before this Court on remand from the New Mexico Supreme Court. Defendant Yvonne Martinez was convicted and sentenced for one count of second degree homicide by vehicle, contrary to NMSA 1978, Section 66-8-101(C) (2016). Defendant appealed, raising two claims of error: (1) that the district court erred in denying her motion to exclude the results of her blood alcohol content test because the phlebotomist who drew her blood was not qualified to do so under NMSA 1978, Section

66-8-103 (1967); and (2) that the district court erred, as part of its sentencing decision, in designating her crime a serious violent offense under the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33-2-34 (2015), because her offense is not so defined in the EMDA. On April 29, 2022, this Court issued a memorandum opinion: (1) affirming the district court as to the first claim of error, based on this Court's decision in *State v. Warford*, 2022-NMCA-034, 514 P.3d 31; and (2) reversing the district court as to the second claim of error, based on this Court's decision in *State v. Montano*, 2022-NMCA-049, ¶¶ 1, 19, 517 P.3d 267, *aff'd*, 2024-NMSC-019, 557 P.3d 86, in which this Court held that second degree homicide by vehicle is not a serious violent offense under the EMDA. Both parties sought review in our Supreme Court. *See* Plaintiff's Petition for Writ of Certiorari, *State v. Martinez*, S-1-SC-39405 (N.M. May 24, 2022); Defendant's Conditional Cross-Petition for Writ of Certiorari, *State v. Martinez*, S-1-SC-39405 (N.M. May 31, 2022). The Court granted certiorari and held this matter in abeyance pending the Court's disposition in *Montano*. Order, *State v. Martinez*, S-1-SC-39405 (N.M. June 22, 2022). The Supreme Court affirmed this Court's decision in *Montano* in a published opinion, 2024-NMSC-019, ¶ 29, and subsequently vacated our memorandum opinion in the instant case and remanded the matter for further proceedings consistent with the Supreme Court's opinion in *Montano*. *See* Order, *State v. Martinez*, S-1-SC-39405 (N.M. Nov. 19, 2024); Mandate, *State v. Martinez*, S-1-SC-39405 (N.M. Jan. 17, 2025). Now, on remand, as for Defendant's first claim of error: This Court's decision in *Warford* remaining good law, we again affirm the district court's denial of Defendant's motion to exclude the blood test results. As for Defendant's second claim of error: This Court's decision in *Montano* having been affirmed by the Supreme Court, we again reverse the district court's determination that Defendant's crime is a serious violent offense.

**DISCUSSION**[1]

**I.      The Phlebotomist Was Qualified Under Section 66-8-103**

**{2}**      Following the accident underlying the charges, Defendant was taken to Presbyterian Española Hospital (Presbyterian) where her blood was drawn by a phlebotomist employed by TriCore Reference Laboratories (TriCore). Presbyterian had contracted with TriCore to run the hospital's laboratory services in an on-site laboratory owned by Presbyterian. The TriCore phlebotomist was a clinical laboratory assistant who had been working at Presbyterian for five years and was trained to do legal blood draws for law enforcement.

**{3}**      Defendant moved to exclude the blood test results based on the requirement in Section 66-8-103 that "[o]nly a physician, licensed professional or practical nurse or laboratory technician or technologist employed by a hospital or physician shall withdraw blood from any person in the performance of a blood-alcohol test." *See also* NMSA

---

[1]Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and keep our discussion of the facts to a minimum.

1978, § 66-8-109(A) (1993) ("Only the persons authorized by Section 66-8-103 . . . shall withdraw blood from any person for the purpose of determining its alcohol or drug content."). Defendant argued that the TriCore phlebotomist was not authorized under Section 66-8-103 to draw her blood on the ground that the phlebotomist was not directly employed by a hospital or physician. After the district court denied the motion, Defendant conditionally pled guilty to one count of second degree homicide by vehicle, reserving her right to appeal the district court's ruling.

**{4}**     On appeal, Defendant advances the same argument she raised before the district court. Defendant's argument is foreclosed by *Warford*. In *Warford*, this Court addressed a substantially identical challenge to blood test results under Section 66-8-103 under substantially identical facts. *See Warford*, 2022-NMCA-034, ¶¶ 4-7, 12. This Court held that (1) phlebotomists who possess requisite training and experience to perform blood draws are qualified as laboratory technicians under Section 66-8-103, so long as they are employed by a hospital or physician, *Warford*, 2022-NMCA-034, ¶ 19, and (2) the term "employ," within the meaning of Section 66-8-103, encompasses the relationship in which a hospital contracts with a laboratory, such as TriCore, to perform the hospital's blood draws, *Warford*, 2022-NMCA-034, ¶ 26. Defendant makes no challenge related to the TriCore phlebotomist's training and experience; instead, she limits her challenge to the purely legal argument that, to qualify under Section 66-8-103, the phlebotomist must be directly employed by a hospital or physician. For the reasons articulated in *Warford*, we reject Defendant's challenge and affirm the district court's denial of her motion to exclude the blood test results. *See* 2022-NMCA-034, ¶¶ 20-26.

## II.     Second Degree Homicide by Vehicle Is Not a Serious Violent Offense Under the EMDA

**{5}**     Pursuant to a plea agreement, Defendant agreed to plead guilty to one count of second degree homicide by vehicle, contrary to Section 66-8-101, and the State agreed to dismiss the remaining charges. The parties agreed that Defendant would be sentenced to a term of imprisonment of twelve years, but made no other agreement as to sentencing. Consistent with the plea agreement, the district court sentenced Defendant to an effective term of imprisonment of twelve years. The district court also designated her crime a serious violent offense for purposes of the EMDA.

**{6}**     On appeal, Defendant contends the district court erred as a matter of law when it ruled that the crime of second degree homicide by vehicle may be deemed a serious violent offense under Section 33-2-34(L)(4)(o), even though such a crime is not enumerated in the statute. This claim is foreclosed by our Supreme Court's opinion in *Montano*, in which the Court held that the absurdity doctrine provided no basis for deviating from the plain meaning of the EMDA, which designates second degree homicide by vehicle as a nonviolent offense. *See Montano*, 2024-NMSC-019, ¶¶ 10, 27-29. We accordingly reverse Defendant's sentence to the extent that it classifies her conviction for second degree homicide by vehicle as a serious violent offense under the EMDA.

**CONCLUSION**

**{7}** For the foregoing reasons, we affirm the district court's denial of Defendant's motion to exclude the blood test results, but reverse Defendant's sentence to the extent that it classifies her conviction for second degree homicide by vehicle as a serious violent offense under the EMDA. We remand for the district court to correct Defendant's sentence consistent with this opinion and in accordance with *Montano*.

**{8}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**